**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN J. BOYD,<br><br>Plaintiff,<br><br>- against -<br><br>TEAM CLEAN, INC. and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ,<br><br>Defendants. | Index No.:<br><br>**VERIFIED COMPLAINT** |

Plaintiff Jonathan J. Boyd, by and through his attorneys, Anderson Kill P.C., as and for her Verified Complaint, alleges as follows:

**NATURE OF THE ACTION**

1. This is a hybrid action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), also known as the Taft–Hartley Act, 29 U.S.C. § 185(a) (the "Act"), for breach of the Agreement dated October 16, 2023 between Building Operators Labor Relations Division of Building Owners and Managers Association of Philadelphia and Service Employees International Union Local 32BJ (the "Collective Bargaining Agreement" or "CBA"), breach of the duty of fair representation, and for a declaratory judgment.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff is an individual who resides at 2044 South Cecil St., Phila., PA 19143.

3. Defendant Team Clean, Inc. ("Team Clean") is a corporation formed under Pennsylvania law and maintains its headquarters at 4900 South Broad St., Suite 120, Philadelphia, PA 19112.

4. Defendant Service Employees International Union Local 32BJ ("32BJ") is a labor union located at 1515 Market St., Philadelphia, PA 19102.

5. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is in Pennsylvania and at all relevant times, Defendants operated, conducted, engaged in, or carried on business in Pennsylvania, there is the requisite nexus between the business and this action, and because Defendants engage in substantial and not isolated activity within Pennsylvania.

6. This Court has original jurisdiction over the first and second counts of this Complaint pursuant to 28 U.S.C. § 1331 because they arise under 29 U.S.C. § 185(a), and supplemental jurisdiction over the remaining counts of this Complaint pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

8. On or about October 16, 2023, the Building Operators Labor Relations Division of Building Owners and Managers Association of Philadelphia and 32BJ entered into the CBA. A true and correct copy of the CBA is attached hereto as Exhibit A.

9. Team Clean has agreed to be bound by the CBA.

10. Team Clean's Non-Corporate Staff Handbook, dated September 9, 2018 provides: "Employees at union work sites where a collective bargaining agreement is in effect will be subject to the terms and conditions of the collective bargaining agreement. Should a conflict arise between the employee handbook and the collective bargaining agreement, the collective bargaining agreement will govern." A true and correct copy of Team Clean's Non-

Corporate Staff Handbook, dated September 9, 2018, is attached hereto as Exhibit B. *See* Exhibit B at 1.

11. The CBA provides: "The Employer agrees not to discriminate against any employee because of membership in, activities on behalf of, the Union." Exhibit A at § 6.1.

12. Plaintiff is currently employed by Team Clean.

13. Plaintiff is a member of 32BJ.

14. Plaintiff was employed by Team Clean at all relevant times.

15. Team Clean provides janitorial services in Philadelphia.

16. On or about January 23, 2025, Plaintiff began working as a housekeeper in janitorial services for Team Clean at the Kimmel Center for the Performing Arts, 300 S. Broad St, Philadelphia, PA 19102 ("Kimmel Center") and other nearby locations.

17. The operations of the Kimmel Center are run by CSG.

18. In approximately the spring of 2026, Plaintiff began taking steps to get more actively involved in 32BJ and run for shop steward.

19. Plaintiff consulted with Shirley Bell, a union representative of 32BJ.

20. Ms. Bell told Plaintiff said he had to attend classes and rallies and participate in union activities.

21. On April 15, 2026, Plaintiff attended a 32BJ rally in New York City, with the approval of "Frank," the regional manager of CSG.

22. On two occasions in 2026, Plaintiff attended 32BJ rallies in Philadelphia.

23. On May 8, 2026, Plaintiff asked Frank for permission to attend a 32BJ rally on May 18, 2026 in Philadelphia.

24. Frank rejected Plaintiff's request because, he said, Team Clean might need people to work that weekend, although the schedule had not even been posted.

25. On or about May 22, 2026, Plaintiff reported to work at the Kimmel Center.

26. At that time, "Adrian" was the daytime manager at the Kimmel Center and Salam Teola was the overnight manager at the Kimmel Center.

27. Adrian and Ms. Teola are employed by CSG and are not employed by Team Clean or members of 32BJ.

28. On or about May 22, 2026, Adrian asked Plaintiff to clean a bathroom outside his assigned area.

29. Plaintiff complied with his request.

30. Later that same night, Adrian asked Plaintiff to clean the Kimmel Center's lobby, which was outside his assigned area.

31. Plaintiff said he would comply with Adrian's second request after he had completed his initial assignment.

32. Adrian said "okay" and walked away.

33. Subsequently, Adrian called Plaintiff and asked him to meet him in the lobby.

34. Plaintiff reported to the lobby.

35. Adrian and Ms. Teola approached Plaintiff in the lobby.

36. Ms. Teola was upset with Plaintiff and said, "When a supervisor asks you to do something, you are supposed to do it."

37. Plaintiff explained to Ms. Teola and Adrian in person, and to his Team Clean supervisor Trondell Hill by telephone, that those were not his assigned areas, that they were assigned to Tarik Smack, and that Plaintiff was already covering his own assigned areas.

38. Plaintiff also noted to Ms. Teola and Adrian that the worker assigned to those areas, Mr. Smack, was already present.

39. Plaintiff explained to Ms. Teola and Adrian that he wanted to complete his assignments first so that he would not be "written up" and disciplined for not completing his assignment.

40. Ms. Teola falsely accused Plaintiff of "aggressive behavior" towards her.

41. At all times, Plaintiff displayed no aggressiveness and was polite and professional.

42. Plaintiff was told not to return to work until he had heard from Team Clean's Human Resources Department.

43. Plaintiff was then suspended for approximately three months without pay to permit time for an "investigation" into this alleged "incident."

44. Plaintiff filed a grievance with 32BJ regarding the May 22, 2026 incident.

45. Plaintiff submitted a written statement to 32BJ.

46. On or about June 26, 2026, Plaintiff attended a grievance hearing regarding the May 22, 2026 incident.

47. Plaintiff's grievance was denied.

48. Plaintiff appealed that ruling and the matter was referred to a 32BJ appeals board.

49. Throughout the investigation, Plaintiff repeatedly appealed to 32BJ for assistance and advocacy on his behalf, but 32BJ failed to fairly represent and advocate effectively for Mr. Boyd.

50. 32BJ failed to obtain any video footage of the incident and represented to Plaintiff that the Union had concluded that no such video footage existed, although there are cameras in the Kimmel Center and Union officials had claimed the effort to find such footage delayed the investigation considerably.

51. 32BJ failed to take statements from the security guard or Jesse Patton, who both witnessed the May 22, 2026 incident.

52. 32BJ failed to ensure that Plaintiff was paid his salary for the pendency of the nearly three-month investigation.

53. On August 19, 2026, almost three months after the May 22, 2026 incident, Plaintiff was transferred to an assignment at 51st and Pine Streets in Philadelphia, as a "floater" employee, losing his permanent position, building seniority, and vacation time.

54. On August 24, 2026, Plaintiff was transferred to another assignment at Philadelphia City Hall, 1400 John F. Kennedy Blvd., Philadelphia, PA 19107 ("City Hall") as a "floater" employee, losing his permanent position, building seniority, and vacation time.

55. Plaintiff has worked continuously at the City Hall assignment since that time.

56. Plaintiff has also lost the opportunity to become shop steward of 32BJ because 32BJ has no shop steward at City Hall.

57. As a result of his assignment to City Hall, Plaintiff cannot run for shop steward of 32BJ.

58. Ms. Shirley Bell of 32BJ told Plaintiff that Team Clean characterized Plaintiff's transfer as a "removal."

59. Ms. Shirley Bell of 32BJ told Plaintiff Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026.

60. Despite full knowledge of Team Clean's baseless and pretextual characterization of Plaintiff's transfer as a "removal" to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026, 32BJ did not effectively challenge this characterization or fairly represent Plaintiff and instead allowed Plaintiff to go unpaid for this time period.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT PURSUANT TO 29 U.S.C. § 185(A)

*(against Defendant Team Clean, Inc.)*

61. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 to 60, as if fully set forth herein.

62. Team Clean has breached the CBA by transferring Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward.

63. The CBA provides: "The Employer agrees not to discriminate against any employee because of membership in, activities on behalf of, the Union." Exhibit A at § 6.1.

64. Although Plaintiff does not have a private right of action under the National Labor Relations Act, 29 U.S.C. §§ 151-169 (1935) (the "NLRA"), Plaintiff is separately submitting a claim to the National Labor Relations Board. *See generally* 29 U.S.C. § 160.

65. The NLRA makes it unlawful for an employer to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in … this title" or "by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3).

66. Team Clean has further breached the CBA by transferring Plaintiff from one building to another without his consent and without any finding of improper interaction with other employees or building tenants.

67. The CBA provides: "An employer who desires to transfer an employee from one building may do so only with the consent of the Union and the employee. … An employer may involuntarily transfer an employee only in lieu of discipline related to improper interaction with other employees or building tenants, or for other reasons mutually agreed to by the parties." Exhibit A at § 20.11.

68. Team Clean has further breached the CBA by suspending Plaintiff without cause and then attempting to characterize Plaintiff's suspension as a "removal," in a transparent attempt to avoid paying him his salary for the pendency of the lengthy investigation, *i.e.,* from May 23, 2026 to August 19, 2026, and deny him building seniority.

69. The CBA provides: "The term seniority shall, depending on the circumstances and as specified herein, mean length of continuous service in a particular building regardless of Employer ("building seniority"), length of continuous service with any employer ("Employer seniority"), or length of continuous service in his/her current classification in the building ("Classification seniority"). Exhibit A at § 20.1.

70. By involuntarily transferring Plaintiff from one building to another building, Team Clean denied Plaintiff his building seniority. Exhibit A at § 20.1.

71. By the actions set forth above, Team Clean has also breached the implied covenant of good faith and fair dealing.

72. As a direct and proximate result of Team Clean's breaches of the CBA, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to recover, *inter alia*, monetary damages and other damages and relief, including, but not limited to back pay, front pay, reasonable attorneys' fees, and compensatory damages from Team Clean.

**SECOND CAUSE OF ACTION**

**BREACH OF THE DUTY OF FAIR REPRESENTATION PURSUANT TO 29 U.S.C. § 185(A)**

*(against Defendant Service Employees International Union Local 32BJ)*

73. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 to 72, as if fully set forth herein.

74. Plaintiff brings this claim pursuant to Section 301 of the LMRA, 29 U.S.C. § 185(a).

75. Plaintiff belonged to the bargaining unit of 32BJ, 32BJ was his exclusive representative, and the challenged conduct concerned the union's representational functions.

76. As also detailed above, Plaintiff requested assistance from 32BJ, Ms. Shirley Bell and "Tiffany" of 32BJ received his requests, along with a detailed statement and documentation regarding his grievance and multiple requests for assistance.

77. Despite Plaintiff's repeated pleas for assistance and advocacy, 32BJ did not fairly represent or assist Plaintiff or advocate effectively for him.

78. When Team Clean attempted to characterize Plaintiff's transfer from the Kimmel Center as a "removal" to avoid paying him his salary for the pendency of the investigation,

*i.e.,* from May 23, 2026 to August 19, 2026, 32BJ did not intervene or advocate effectively for Plaintiff.

79. 32BJ failed to obtain any video footage of the incident and represented to Plaintiff that the Union had concluded that no such video footage existed, although there are cameras in the Kimmel Center and Union officials had claimed the effort to find such footage delayed the investigation considerably.

80. 32BJ failed to take statements from the security guard and Jesse Patton, who witnessed the May 22, 2026 incident.

81. 32BJ failed to ensure that Plaintiff was paid his salary for the pendency of the nearly three-month investigation, *i.e.,* from May 23, 2026 to August 19, 2026.

82. These failures seriously undermined the grievance process and resulted in injury to Plaintiff.

83. 32BJ breached its duty of fair representation.

84. 32BJ acted arbitrarily and/or in bad faith.

85. 32BJ's conduct caused injury to Plaintiff.

86. As a direct and proximate result of 32BJ's breach of the duty of fair representation, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to recover, *inter alia*, monetary damages and other damages and relief, including, but not limited to back pay, front pay, reasonable attorneys' fees, and compensatory damages from 32BJ.

**THIRD CAUSE OF ACTION**

**DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

*(against all Defendants)*

87. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 to 86, as if fully set forth herein.

88. An actual and justiciable controversy exists between Plaintiff and Defendants as to: (a) whether Plaintiff engaged in "aggressive behavior" toward Ms. Teola on May 22, 2026; (b) whether Plaintiff should be paid his salary for the pendency of the investigation into the events of May 22, 2026, *i.e.,* from May 23, 2026 to August 19, 2026; (c) whether Team Clean refused to pay Plaintiff and then transferred Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward; (d) whether Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026; (e) whether 32BJ acted arbitrarily; (f) whether 32BJ acted in bad faith; and (g) whether 32BJ breached its duty of fair representation.

89. There is a genuine legal dispute between the parties involving substantial legal interests for which a declaration of rights will have a practical effect.

90. Pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, Plaintiff requests a determination of the rights and obligations of the parties.

91. Plaintiff is entitled to a declaration that:

(a) Plaintiff did not engage in "aggressive behavior" toward Ms. Teola on May 22, 2026;

(b) Plaintiff should be paid his salary for the pendency of the investigation into the events of May 22, 2026, *i.e.,* from May 23, 2026 to August 19, 2026;

(c) Team Clean refused to pay Plaintiff and then transferred Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward;

(d) Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026;

(e) 32BJ acted arbitrarily;

(f) 32BJ acted in bad faith; and

(g) 32BJ breached its duty of fair representation.

92. Such declarations are necessary and appropriate at this time so that the parties may ascertain their rights and duties, if any.

**<u>FOURTH CAUSE OF ACTION</u>**

**DECLARATORY JUDGMENT PURSUANT TO 42 PA. C.S.A. § 7531**

*(against all Defendants)*

93. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 to 92, as if fully set forth herein.

94. An actual and justiciable controversy exists between Plaintiff and Defendants as to: (a) whether Plaintiff engaged in "aggressive behavior" toward Ms. Teola on May 22, 2026; (b) whether Plaintiff should be paid his salary for the pendency of the investigation into the events of May 22, 2026, *i.e.,* from May 23, 2026 to August 19, 2026; (c) whether Team Clean refused to pay Plaintiff and then transferred Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward; (d) whether Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation *i.e.,* from May 23, 2026 to August

19, 2026; (e) whether 32BJ acted arbitrarily; (f) whether 32BJ acted in bad faith; and (g) whether 32BJ breached its duty of fair representation.

95. There is a genuine legal dispute between the parties involving substantial legal interests for which a declaration of rights will have a practical effect.

96. Pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S.A. § 7531 *et seq*., Plaintiff requests a determination of the rights and obligations of the parties.

97. Plaintiff is entitled to a declaration that:

(a) Plaintiff did not engage in "aggressive behavior" toward Ms. Teola on May 22, 2026;

(b) Plaintiff should be paid his salary for the pendency of the investigation into the events of May 22, 2026, *i.e.,* from May 23, 2026 to August 19, 2026;

(c) Team Clean refused to pay Plaintiff and then transferred Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward;

(d) Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026;

(e) 32BJ acted arbitrarily;

(f) 32BJ acted in bad faith; and

(g) 32BJ breached its duty of fair representation.

98. Such declarations are necessary and appropriate at this time so that the parties may ascertain their rights and duties, if any.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jonathan J. Boyd respectfully requests judgment as follows:

A. An award of damages against Defendants, jointly and severally, in an amount to be

determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority, and other benefits of employment;

B. An award of damages against Defendants, jointly and severally, for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, front pay, back pay, compensatory damages, earned bonus pay, in an amount to be determined at trial, plus interest;

C. A declaratory judgment that:

(a) Plaintiff did not engage in "aggressive behavior" toward Ms. Teola on May 22, 2026;

(b) Plaintiff should be paid his salary for the pendency of the investigation into the events of May 22, 2026, *i.e.,* from May 23, 2026 to August 19, 2026;

(c) Team Clean refused to pay Plaintiff and then transferred Plaintiff to discriminate against him and punish him for his Union activities and possible campaign for shop steward;

(d) Team Clean's characterization of Plaintiff's transfer as a "removal" was a baseless and pretextual effort to avoid paying Plaintiff his salary for the pendency of the investigation, *i.e.,* from May 23, 2026 to August 19, 2026;

(e) 32BJ acted arbitrarily;

(f) 32BJ acted in bad faith; and

(g) 32BJ breached its duty of fair representation.

D. An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees, and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and/or practices complained of herein;

F. Prejudgment interest on all amounts due;

G. Post-judgment interest on all amounts due;

H. An award from Defendants of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees and reasonable attorneys' fees and costs to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Jonathan J. Boyd hereby demands a trial by jury as to all matters triable thereby.

Dated: Philadelphia, Pennsylvania
November 20, 2026

*/s/ Neil C. Schur*
Neil C. Schur
ANDERSON KILL, P.C.
1717 Arch St., 34th Floor
Philadelphia, PA 19103
(267) 216-2713
nschur@andersonkill.com

*Counsel for Plaintiff Jonathan J. Boyd*

**VERIFICATION**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | )<br>)<br>) ss.: |
| COUNTY OF PHILADELPHIA | )<br>) |

Jonathan J. Boyd, being duly sworn deposes and says:

1. I am the Plaintiff in the action.

2. I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The sources of such information and belief are my knowledge and records.

Jonathan Boyd
Jonathan J. Boyd

Sworn to before me this
20 day of November, 2026.

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Kiana Bangura, Notary Public
Philadelphia County
My Commission Expires February 25, 2030
Commission Number 1408194